Dear Mayor Villere:
You have asked this office to determine whether a vacancy on the City of Covington's Municipal Planning Commission should be filled by the Mayor, or by the municipal council. The member in question is the successor to an original member of the board. Further, the vacancy was caused by virtue of the member's resignation. The legal question raised is, to wit: does the law require the vacancy to be filled by the mayor of the municipality, or does the council have appointment authority?
R.S. 33:013 governs appointment of the planning commission and provides, in pertinent part:
 B. A municipal planning commission shall consist of not less than five or more than nine members, at the discretion of the local legislative body, all to be appointed by the chief executive of the municipality, who may remove any member of the commission, after public hearing, for inefficiency, neglect of duty, or malfeasance in office.
 * * * * * D. The successors of the members of a planning commission, whether a parish or municipal planning commission shall be appointed by the parish governing authority or the local legislative body of the municipality, as the case may be, for terms of equal length for all members, to be determined by said authority or body, which terms shall be for not less than four years or more than ten years from and after expiration of the terms of their predecessors in office.
 * * * * * E. If a vacancy occurs other than by an expiration of the term, it shall be filled by appointment by the original appointing authority for the unexpired term.
Having reviewed the foregoing provisions of the statute, we interpret the law to mean the following: The original board members of the municipal planning commission are to be appointed by the mayor as chief executive of the municipality. All successors are to be appointed by the council as the local legislative body of the municipality. The exception occurs in the event of a vacancy occurring in a manner other than by expiration of the term. In that event, the original appointing authority fills the position. With respect to original board members whose office is vacated by reason other than expiration of term, the "original appointing authority" is the mayor or chief executive officer of the municipality. See attached Attorney General 83-212. For successor members in the same situation, the "original appointing authority" is the municipal council.
We hope the foregoing is instructive. Please contact this office if we can provide further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: June 14, 2002
OPINION NUMBER 83-212
May 19, 1983
71-1-B Municipalities — Home Rule Charte 174 Zoning LSA-R.S. 33:103
Appointment of member of the planning commission should be made by the mayor and confirmed by a majority vote of the council.
Mr. Edward J. Deano, Jr. DEANO DEANO 330 N. New Hamphire Street Covington, Louisiana 70433
Dear Mr. Deano:
You requested an opinion from this office concerning membership on the Mandeville Planning Commission. You stated that a member of the commission was appointed in 1977 under the Mandeville City Charter which provides for the appointment of such members by the mayor. You stated that LSA-R.S. 33:103 provides for the appointment of commission members by the legislative body and that vacancies should be filled by the same appointing authority. Your question was, since the board member appointed in 1977 has resigned, should his replacement be appointed in the same manner as was done in 1977 or should the council make the appointment.
LSA-R.S. 33:103 provides, in pertinent part, that:
 B. A municipal planning commission shall consist of not less than five nor more than nine members, at the discretion of the local legislative body, all to be appointed by the chief executive of the municipality, who may remove any member of the commission, after public hearing, for inefficiency, neglect of duty or malfeasance in office.
 D. The successors of the members of a planning commission, whether a parish or municipal planning commission shall be appointed by the parish governing authority or the local legislative body of the municipality, as the case may be, for terms of equal length for all members, to be determined by said athority or body, which terms shall be for not less than four years or more than ten years from and after expiration of the terms of their predecessors in office.
 E. If a vacancy occurs other than by an expiration of the term, it shall be filled by appointment by the original appointing authority for the unexpired term.
In accordance with the portions of the quoted statutes, the original members of the municipal planning commission are to be appointed by the chief executive of the municipality. The successors to the original members of the planning commission are to be appointed by the local legislative body. If a vacancy occurs other than by an expiration of the term, the vancancy shall be filled by appointment by the original appointing authority for the unexpired term.
The board member in question was appointed to his position in 1977 when the board was created. Therfore, he was an original board member who was unable to complete his term. Therefore, the vacancy created was one occuring other than by an expiration of the term and should be filled by appointment by the original appointing authority.
Therefore, it is the opinion of this office that the appointment in question should be made by the mayor and confirmed by a majority vote of the council.
It is hoped that this opinion has been of some assistance to you. If we may be of any further assistance, please feel free to contact us.
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY ____________________ CASSANDRA SIMMS ASSISTANT ATTORNEY GENERAL
CS:rjl